FILED
 2010 Feb-24  AM 11:04
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| WILLIE MAE WHITSON, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ]  3:08-CV-01240-LSC |
| | ] |
| MICHAEL J. ASTRUE, | ] |
| Commissioner of | ] |
| Social Security, | ] |
| | ] |
| Defendant. | ] |
| | ] |

MEMORANDUM OF OPINION

I.  Introduction.

On January 2, 2010, Plaintiff Willie Mae Whitson, ("Whitson" or "Plaintiff"), petitioned this Court for attorney's fees in the amount of $4,297.10[1] pursuant to the Equal Access to Justice Act ("Act").  28 U.S.C. § 2412(d)(1)(A).  Having heard the Plaintiff's original appeal concerning her Social Security benefits, this Court has jurisdiction over this claim pursuant to the Act.  Despite recognizing that the Act creates a partial waiver of sovereign immunity on behalf of the United States, the Commissioner of

---

[1] For the cost of 24.9 hours of legal work.  (Doc. 13 at 1.)

Social Security ("Commissioner" or "Defendant") seeks to block Plaintiff's claim to attorney's fees. (Doc. 15 at 1-2.)  The Defendant is seeking to prevent Plaintiff from collecting fees because Defendant believes that his position was "substantially justified" at all times in the proceeding.  (Doc. 15 at 9.)

The sole issue in this case is whether the Defendant was "substantially justified" in his position.  This issue has been fully briefed by both parties. Upon due consideration, this Court finds that Defendant's position was not substantially justified because it failed to follow Social Security Ruling 00-4p. Accordingly, this Court grants Plaintiff the requested attorney's fees.

II.   Background.[2]

Plaintiff originally sought benefits under the Social Security Act for period of disability, disability insurance benefits, and supplemental security income.   Plaintiff claimed that she was disabled because of her "degenerative disk disease, obesity, depressive disorder, diabetes mellitus, and anxiety disorder."  Despite recognizing that these impairments were

---

[2] The facts recited in this opinion are, unless otherwise indicated, taken from the original transcript relied upon by this Court in its first opinion.

indeed severe, she was denied benefits by the Administrative Law Judge ("ALJ").  The ALJ found that Plaintiff could not perform previous employment, but used a Vocational Expert's ("VE") testimony that Plaintiff could perform other work in the national economy to determine that Plaintiff was not disabled.  Plaintiff filed a timely appeal to this Court alleging numerous errors with the ALJ's findings.

This Court found all but one of the Plaintiff's arguments to be without merit.  The Plaintiff's meritorious argument was that the ALJ failed to reconcile the apparent discrepancy between the VE's testimony concerning Plaintiff's reading capabilities and the reading capabilities required in Dictionary of Occupational Titles ("DOT") for the VE's proposed work for the Plaintiff.  The discrepancy is that the VE's testimony explains that the Plaintiff has a "fairly low" reading ability and has a "moderate limitation" in her ability to perform detailed instructions, yet the jobs the VE proposed for the Plaintiff required a reasoning level inconsistent with that finding. (Doc. 11 at 22.) Specifically, the proposed jobs require that the Plaintiff be able to "'[a]pply *commonsense understanding* to carry out detailed [instructions]."  (Doc. 11 at 22.) (citing the appropriate DOT provision)

(emphasis added).

This Court ruled, pursuant to Social Security Ruling 00-4p, that failing to identify and remedy this discrepancy on the record constituted grounds for remand.  (Doc. 11 at 23.)  Therefore, the Plaintiff was successful in challenging the ALJ's ruling.  Accordingly, the Plaintiff brought the present action under the Equal Access to Justice Act.

III.  Analysis.

The sole issue for this Court's consideration is whether the Defendant's position in this matter was "substantially justified" under the Equal Access to Justice Act.  28 U.S.C. Sec 2412(d)(1)(A).  The burden in on the government to show that it was substantially justified in its position.  *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).  The government's position must be one that a reasonable person would have taken, meaning that the position has a "reasonable basis both in law and fact."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  The fact that the government failed to carry its burden in the underlying action creates no presumptions in this matter, and the government is not required to show that its decision to litigate was based on a substantial probability of

prevailing.  *White v. United States*, 740 F.2d 836, 839 (11th Cir. 1984).  Nevertheless, it is of no avail to the government that most of Plaintiff's arguments failed.  As long as the ultimate result sought[3] is achieved, the Plaintiff's claim will be considered a success, and the award to be granted to counsel will include time spent on developing all relevant legal arguments in support of the claim.  *Hensley v. Eckerhart*, 461 U.S. 424, 435-37 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.").  Ultimately, in order to prove that it was reasonable, the government needs to show that, even though the plaintiff succeeded, the position fo the government was well supported in the law.

The Eleventh Circuit has addressed the issue that was key in this Court's decision to remand during the original appeal.  In *Jones v. Apfel*, the Eleventh Circuit adopted the approach of the Sixth Circuit and explained that a VE's testimony can "trump" the language in the DOT.  190 F.3d 1224, 1229-1230 (11th Cir. 1999).  However, this decision preceded Social Security

---

[3] In the Plaintiff's case, the result sought was either a reversal of the ALJ or a remand of the opinion in order to properly determine Plaintiff's benefits.  *See* 42 U.S.C. § 405(g).

Ruling 00-4p which established that Administrative Law Judges must identify and explain inconsistencies between the VE's testimony and the DOT.  SSR 00-4p (December 4, 2000).

The Eleventh Circuit has revisited this issue and, citing *Jones v. Apfel*, maintains the same result.  *See Miller v. Comm'r of Soc. Sec.*, 246 F.App'x 660,  However, this unpublished opinion is not binding precedent. In the absence of such a binding precedent, it appears the Defendant should have adhered to the Social Security Ruling.  The Supreme Court has reviewed the importance of these rulings, explaining that they "are binding on all components of the Administration," including the Defendant and to an extent this Court. *Sullivan v. Zebley*, 493 U.S. 521, 530 n.9 (1990).  While the Supreme Court does recognize that these rulings do not have the effect of laws or regulations, the Court has instructed that they "are to be relied upon as precedents in determining other cases where the facts are basically the same.  A ruling may be superceded, modified, or revoked by later … court decisions." *Heckler v. Edwards*, 465 U.S. 870, 874 n.3 (1984).

The Eleventh Circuit has not *yet* directly "superceded, modified, or revoked" this Ruling in a published and binding opinion and, accordingly, the

Defendant should have relied upon Ruling 00-4p as precedent.  If the Defendant had done so, he would have known that his claim had no reasonable chance of success since the ALJ failed to even identify the discrepancy between the VE's testimony and the DOT.  Because the Defendant maintained his position in the face of Social Security Ruling 00-4p, the Defendant's position was not reasonable.  Therefore, the Defendant's position was not "substantially justified," and Plaintiff's claim for attorney's fees should be granted.

IV. Conclusion.

For the reasons stated herein, this Court grants Plaintiff's petition.  A separate order consistent with this Opinion is issued herewith.

Done this 23rd day of February 2010.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE